

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00145-CR

BILLY BOB WILLINGHAM, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 114th District Court
Smith County, Texas
Trial Court No. 114-0406-13

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Billy Bob Willingham appeals from his conviction by a jury for evading arrest. The jury found the two alleged enhancements true and set his punishment at ninety-nine years' imprisonment. Willingham's attorney on appeal filed a brief November 26, 2013.

Counsel provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 386 U.S. 738, 743–44 (1967); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

As also required by *Anders*, counsel has filed a motion with this Court seeking to withdraw as counsel in this appeal. Counsel mailed a copy of his brief to Willingham on November 26, 2013, along with a copy of his motion to withdraw and a letter informing Willingham of his right to review the record and file a pro se response. Counsel also provided Willingham a complete copy of the record for his review.

Willingham has filed a pro se response in which he tells a different story than that shown by the evidence at trial. The State presented evidence that Willingham was piloting a vehicle that attempted to escape from a pursuing police officer. On appeal, Willingham argues that another person (whom the police failed to see jump from the car before it came to a stop in a dark field) was in the car and actually driving as they tried and failed to escape from police. Counsel argued this position persuasively at trial, but apparently to no avail. Willingham also correctly points out that the statute under which he was convicted is an oddity upon which this Court has previously written. As we have recognized on a former occasion, it appears to allow

the State to select whether to charge a defendant with evading arrest either as a state jail felony or as a third degree felony, as charged in this case.[1]  Willingham also complains because he was not allowed to call a witness; this presumably involves Willingham's last-minute statement to his attorney on the day of trial wherein he first claimed to his attorney that another person was actually driving.   Willingham claims that he received ineffective assistance of counsel. However, the record is silent as to the particular complaints he raises about the quality of his representation and, thus, the ineffective assistance claim cannot succeed on direct appeal.  *See Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007).  Willingham also raises a number of other complaints as well, including sufficiency of the evidence, each of which we have reviewed and found not to be a genuinely arguable issue.

We have determined that this appeal is wholly frivolous. We have independently reviewed the appellate record and find no genuinely arguable issue.  *See Halbert v. Michigan*,

---

[1]In *Anderson v. State*, we stated, in reference to Section 38.04 (Evading Arrest or Detention) of the Texas Penal Code,

> The Texas Legislature passed two amendments to Section 38.04 of the Texas Penal Code within a few days of each other, and both amendments became effective September 1, 2011.  Both, according to their terms, are currently in effect. Under Section 38.04(b)(1)(B), as set out by the first amendment, evading arrest with a motor vehicle is a state jail felony.  *See* Act[] of May 23, 2011, 82nd Leg., R.S., ch. 391, § 1, 2011 Tex. Sess. Law Serv. 1046 (West) (current version at TEX. PENAL CODE ANN. § 38.04).   Under Section 38.04(b)(2)(A), as set out by the second amendment, the same act is classified as a third degree felony.  *See* Act[] of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Sess. Law Serv. 2320, 2321 (West).

*Anderson v. State*, No. 6-12-00200-CR, 2013 Tex. App. LEXIS 7975, *1 n.1 (Tex. App.—Texarkana June 28, 2013, no pet.) (mem. op., not designated for publication).

545 U.S. 605, 623 (2005).  We, therefore, agree with counsel's assessment that no arguable issue supports an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).[2]

We affirm the judgment of the trial court.


Bailey C. Moseley
Justice

Date Submitted:     July 1, 2014
Date Decided:       July 16, 2014

Do Not Publish

---

[2] Since we agree this case presents no reversible error, we also, in accord with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case.  *Anders*, 386 U.S. at 744.  No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3.  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.